Filed 05/12/25

VERMONT SUPERIOR COURT
Environmental Division                                      Docket No. 24-ENV-00072
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



| Lot 20, 295 Applewood Road Wetland Determination |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion for Expedited Response (Motion: 4)
Filer:          Steven Platt
Filed Date:     April 16, 2025

> Alta Assets, LLC Response, filed on May 5, 2025, by Brian Hehir, Esq.

> Appellants' Reply to Response, filed on May 8, 2025, by Steven and Barbara Platt, Hilary Burditt and Joshua Vogel.

**The motion is DENIED.**

On April 16, 2025, Steven and Bonnie Platt, Hilary Burditt and Joshua Vogel (together, Appellants) sent Alta Assets, LLC (Alta Assets) a request pursuant to V.R.C.P. 34(b) for permission to enter upon land having an address of Lot 20, 299 Applewood Road, Warren, Vermont (the Property) to assess the wetland that is the subject of the wetland determination on appeal. In an April 30, 2025 Entry Order, the Court directed Alta Assets to reply to the request by May 5, 2025. In re Lot 20, 295 Applewood Rd. Wetland Determination, No. 24-ENV-00072 (Vt. Super. Ct. Envtl. Div. Apr. 30, 2025) (Walsh, J.). Alta Assets filed a response opposing the request on May 5. Subsequently, Appellants responded in support of their overarching request for access. While not specifically cited and with consideration to Appellants' self-representation, the Court interprets these filings, which address the substance of the access request, as a request for an order to allow Appellants' the requested access.

As the Court noted in the April 30, 2025 Entry Order, Appellants request as presented is unreasonable. This is because, they request access to the Property throughout the appeal for inspection. As noted, the requested order is functionally unlimited. In response to Alta Assets' opposition, Appellants attempt to narrow the scope of their request, but do not actually do so. Functionally, Appellants argue that they want up to two wetland delineators to assess the Property for wetlands. While this is a reasonable request, they still do not provide who those people are, and a

narrow scope of when they would be conducting their analyses. Appellants functionally seek to flip the process for site investigation by obtaining broad ability to enter the Property then narrow the specifics after that is granted. The Court will not issue an unreasonably broad order for site-investigation that is not specific to any person or entity or time limited in any way on the grounds that the parties may reach a narrower scope of investigation later. Thus, as presented, Appellants' request for access must be **DENIED**.

In reaching this conclusion, the Court specifically notes that nothing within this Entry Order limits Appellants ability to hire a delineator(s). Once that person and/or entity is known, the Court hopes that the parties can work together to find specific dates and times for a site investigation. While review of such a narrow request is not before the Court, the Court notes that such investigation by a professional is very likely reasonable and the Court would hope that, in such circumstances, the parties could reach agreement about the time and scope of such investigation without Court assistance. Should they be unable to do so, the parties are free to file appropriate motions.

Electronically signed this 12th day of May 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division